IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOEY TANAKA TERIONG,<br><br>                Defendant. | CRIMINAL CASE NO. 19-00037<br><br>**REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |

Pending before the court is a petition and supporting declaration (together, the "Violation Petition") filed on July 28, 2020, a Supplemental Declaration filed on October 5, 2020, a Second Supplemental Declaration filed on November 13, 2020, and a Fourth Supplemental Declaration filed on June 27, 2022, *see* ECF Nos. 47, 61, 64 and 83,[1] alleging that the Defendant violated his supervised release conditions as follows:

- Failed to report for six substance abuse treatment sessions (June 16, 23 & 30, 2020, July 7 & 14, 2020, and November 3, 2020);

- Failed to report for 15 drug tests (June 17, 18, 24 & 25, 2020, and July 12, 13 & 24, 2020, August 3 and 5, 2020, October 23 & 25, 2020, and November 4, 5, 8 & 12, 2020); and

- Admitted to the use of "meth" on June 16, 2022.

On August 6, 2020, the Defendant entered admissions to all the allegations in the Violation Petition. *See* Minutes, ECF No. 52. On October 13, 2020, the Defendant admitted to the violations

---

[1] A Third Supplemental Declaration was filed on August 24, 2021, *see* ECF No. 66, alleging a Grade A violation, but the United States agreed not to pursue this allegation. *See* Minutes, ECF No. 82.

set forth in the Supplemental Declaration. On November 29, 2021, the Defendant entered admissions to the Second Supplemental Declaration. *See* Minutes, ECF No. 73. On August 9, 2022, the Defendant admitted to the lone violation in the Fourth Supplemental Declaration. *See* Am. Minutes, ECF No. 85. The parties presented their joint recommendation on an appropriate sanction for the violations. *Id.* Having reviewed the record and heard from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

## BACKGROUND

On April 21, 2020, the Defendant was sentenced to time served (approximately 6 months and 16 days) and five years of supervised release for the offense of Failure to Register as a Sex Offender. *See* Judgment, ECF No. 44. Among other conditions of supervised release, the Defendant was ordered to submit to a substance abuse assessment, and if determined to be in need of such treatment, then he was to submit to substance abuse testing and participate in a substance abuse treatment program. *Id.* at 5.

The Defendant began his supervised release term on that day.

## CURRENT VIOLATIONS

**A.    Filing of Violation Petition**

On July 28, 2020, the probation officer filed the instant Violation Petition, *see* ECF No. 47, alleging the following violations:

*Failed to report treatment sessions and drug testing*

On May 12, 2020, the Defendant participated in an assessment for substance abuse treatment. His counselor determined that the Defendant was in need of weekly substance abuse treatment sessions for six weeks. The Defendant was informed that his sessions would begin on June 16, 2020, at 5:30 p.m. Unfortunately, the Defendant missed many sessions and scheduled drug tests as noted below.

| DATE | ACTION |
|---|---|
| June 16, 2020 | Defendant failed to report for a treatment session at the Lighthouse Recovery Center ("LRC"). |

| | |
|---|---|
| June 17, 2020 | Defendant failed to report to LRC for drug testing. The probation officer spoke with the Defendant who stated that he was unable to attend his treatment sessions and report for testing because of transportation issues. The probation officer instructed the Defendant to report to LRC for a drug test the following day (June 18, 2020), but the Defendant failed to so report. |
| June 23, 2020 | Defendant failed to report for a treatment session at LRC. He also failed to contact his probation officer to discuss the noncompliance. |
| June 24, 2020 | Defendant failed to report for a drug test at LRC. In response to a text message sent from the probation officer, the Defendant texted that he was working late and could not report. The probation officer instructed him to report the following day (June 25, 2020) for a drug test, but the Defendant did not appear as instructed.<br><br>On June 26, 2020, the probation officer sent the Defendant a text message reminding him of the possible consequences of missing required drug tests. The Defendant stated he was trying to maintain his employment and start his life all over again. |
| June 30, 2020 | Defendant failed to report for a treatment session at LRC. He also failed to contact his probation officer to discuss the noncompliance.<br><br>On July 1, 2020, the probation officer texted the Defendant and instructed him to call his probation officer. The Defendant failed to contact the probation officer as of the filing of the Violation Petition. Ms. Kottke was also informed of the Defendant's noncompliance. |
| July 7, 2020 | Defendant failed to report for a treatment session at LRC. He also failed to contact his probation officer to discuss the noncompliance.<br><br>On July 9, 2020, the probation officer sent the Defendant a text message requesting a return call to discuss the noncompliance, as well as the schedule for his DNA sample and the payment of his special assessment fee. As of the filing of the Violation Petition, the Defendant never contacted his probation officer. |
| July 12, 2020<br>July 13, 2020 | Defendant failed to report for drug tests at LRC. He also failed to contact his probation officer to discuss the noncompliance and be scheduled for a drug test. |

At the request of the probation officer, the court issued a warrant for the Defendant, but this was later changed to a summons at the request of defense counsel who assured the court that the Defendant would willingly appear at a hearing if summoned. *See* Order, ECF No. 51.

### B.     Initial Appearance and Partial Admission

The parties appeared before the court on August 6, 2020, with the Defendant consenting to participate by telephone. *See* Minutes, ECF No. 52. The Defendant admitted to all the violations alleged in the Violation Petition, but Ms. Kottke requested that disposition be set in about 30 days.

The probation officer stated that since the filing of the Violation Petition, the Defendant had missed another treatment session and additional drug tests, which he would memorialize in a forthcoming supplemental declaration. The probation officer also noted that the Defendant has an outstanding traffic warrant pending with the Superior Court of Guam since 2010. Ms. Kottke assured the court the Defendant would make arrangements to resolve the warrant within the next week. The court agreed to allow the Defendant to remain on release until the next hearing set for September 8, 2020,[2] but warned that another violation may result in a warrant and his detention. The court also reminded the Defendant that he must comply with his drug testing responsibilities to attend drug testing, treatment sessions and report to the probation office, and the Defendant acknowledged said responsibility.

**C.    Filing of Supplemental Declaration**

On October 5, 2020, the probation officer filed a Supplemental Declaration. *See* ECF No. 61. According to the declaration, the Defendant failed to report for a substance abuse treatment session on July 14, 2020, and failed to report for drug testing at LRC on July 24, 2020, and August 3 and 5, 2020. *Id.* at 2-3. The Defendant also failed to contact the probation officer the day following each missed drug test to discuss his noncompliance and to schedule a make-up drug test. *Id.* at 3.

**D.    Subsequent Court Hearing and Further Admissions**

On October 13, 2020, the parties again appeared before the court, with the Defendant consented to the video conference hearing. *See* Minutes, ECF No. 63. The court advised the Defendant of the new allegations in the Supplemental Declaration, and the Defendant admitted all the new violations. Ms. Kottke stated that she spoke with the local prosecutor, who hoped to have the Defendant's local case resolved shortly. Ms. Kottke further stated that the Defendant has an employment opportunity as a bouncer at Bottoms Lounge. She claimed that the Defendant's drug testing scheduling conflicted with his prior employment because of transportation issues. Ms. Kottke stated that once the Defendant is released, he would like to start an education course and hopes to

---

[2] The hearing was continued twice at the request of the defense counsel because the Defendant had been detained by the Superior Court of Guam on the traffic warrant. *See* ECF Nos. 55, 57 and 59-60.

establish a pattern that he can comply with conditions. She thus asked that arguments on disposition be continued for 30 days. The United States had no objections to the request. The court instructed the Defendant that once he is released, he is ordered to report to the probation office immediately. The matter was then continued to November 17, 2020.

**E.      Filing of Second Supplemental Declaration**

On November 13, 2020, the probation officer filed a Second Supplemental Declaration. *See* ECF No. 64. The probation officer noted that he spoke with the Defendant on October 22, 2020, and was informed by the Defendant that he had been released from the Department of Corrections on his local case. The probation officer thus instructed the Defendant to begin calling the drug testing hotline beginning the following day and to contact Chris Francisco to schedule his drug treatment sessions at LRC. Despite these instructions, the Defendant allegedly committed the following new violations:

| DATE | ACTION |
| --- | --- |
| October 23, 2020 | Defendant failed to report to LRC for drug tests. He also failed to contact his probation officer after each missed test to discuss the noncompliance and be scheduled for a drug test. |
| October 25, 2020 | On November 3, 2020, the probation officer spoke with the Defendant about his noncompliance. The Defendant stated he had called the hotline number but did not hear his color and code number. Apparently the Defendant was listening for "Orange-4," but he should have been listening for "Orange-3," because the probation officer told him that his color and code number had remained the same as instructed by the probation office. What is noteworthy is that the combination Orange-4 was listed for drug testing on the hotline on October 24 and 30, 2020, but the Defendant did not report for drug testing on those dates either. |
| November 3, 2020 | Defendant failed to report for a substance abuse treatment session with Chris Francisco at LRC. |
| November 4, 2020 | Defendant failed to report to LRC for drug testing.<br><br>The probation officer spoke with the Defendant the following day, and the Defendant apologized for not calling on November 4th, claiming that his cell phone ran out of minutes. Defendant claimed that he could not report for drug testing because the car was in disrepair. The probation officer instructed the Defendant to report to LRC that day (November 5, 2020) for a drug test but he failed to so report. |
| November 8, 2020 | Defendant failed to report to LRC for drug testing. He also failed to contact his probation officer to discuss the noncompliance and be scheduled for a drug test. |

| | |
|---|---|
| November 12, 2020 | Defendant failed to report to LRC for drug testing. The probation officer stated that this is the Defendant's sixth consecutive drug test that he's missed since his release from local custody on October 22, 2020. |

### F. Arrest Warrant Issued

On November 17, 2020, the Defendant failed to appear for his hearing regarding arguments on disposition. *See* Minutes, ECF No. 65. Ms. Kottke stated that she had no contact with the Defendant, but she requested a one week continuance. The probation officer stated that the Defendant was aware of the court hearing. In light of the recently alleged six non-appearances for drug tests and missed counseling session, the probation officer requested that a warrant issue. The court agreed and ordered that an arrest warrant issue.

### G. Filing of Third Supplemental Declaration

On August 24, 2021, the probation officer filed a Third Supplemental Declaration, *see* ECF No. 66, alleging the Defendant committed a new criminal offense. According to the declaration, on August 15, 2021, Guam Police Department ("GPD") officers responded to an assault complaint that occurred in a Mongmong apartment. Officers met with Nathaniel Butler who reported that his father, the Defendant, came home and became upset, punching Mr. Butler and swinging a machete towards him. The victim was able to block the machete with a floor fan, and his grandfather (James Teriong) was able to restrain the Defendant and secure the machete. The Defendant then left but shortly thereafter he called James Teriong and told James Teriong that if Mr. Butler does not leave the apartment and take his belongings with him, the Defendant would return and "gut him." Mr. Butler's version of the events were confirmed by his grandmother, Yukie Teriong, and officers also saw the damage to the floor fan with what appeared to be a strike from a machete. When the Defendant returned to the apartment later that afternoon, GPD was called and the Defendant was arrested.

He was later charged in the Superior Court of Guam with two counts of Aggravated Assault (as a 3rd degree felony) with a Special Allegation of Use of a Deadly Weapon in the Commission of a Felony, Family Violence (as a 3rd degree felony), and two counts of Terrorizing. He was subsequently detained pending the posting of a $5,000 cash bail.

On September 2, 2021, the United States filed a Motion for a Writ of Habeas Corpus Ad Prosequendum. *See* ECF No. 67. The court issued the writ the same day and ordered that the Defendant appear in court on September 7, 2021.

**H.     Return of Warrant and Further Proceedings**

On September 7, 2021, the Defendant appeared before the court, and Ms. Kottke requested a short continuance to discuss the new violations with the Defendant. *See* Minutes, ECF No. 69. Without objection, the matter was continued to October 12, 2021, and the court ordered the Defendant to be remanded to the U.S. Marshals' custody.

On October 12, 2021, the parties again appeared before the court, with the Defendant participating by video conference with his consent. *See* Minutes, ECF No. 70. Ms. Kottke stated that she was trying to get in touch with the Defendant's local counsel to coordinate his transfer into federal custody as soon as possible. Ms. Kottke stated that when that is accomplished, the Defendant would be prepared to enter his admissions to the remaining violations and request a "max out" sentence. Without objection, the matter was continued to October 26, 2021.

On October 26, 2021, the parties appeared before the court for a continued answering. *See* Minutes, ECF No. 71. Ms. Kottke stated that a switch from local custody to federal custody had not been made yet, but she was hoping to speak with the Defendant's local counsel to resolve the matter. She requested a continuance, and the matter was continued to November 23, 2021.[3]

**I.      Admissions to Second Supplemental Declaration & Further Court Hearings**

On November 29, 2021, the parties appeared before the court. *See* Minutes, ECF No. 73. Ms. Kottke stated that she spoke with the Defendant's local counsel William Jones but no transfer to federal custody had been made yet. The probation officer confirmed that the Defendant is still in local custody. Ms. Kottke stated that she hadn't heard back from Mr. Jones about a resolution of the local and federal cases, but she did not want the Defendant subjected to unnecessary punishment under both court systems. The Defendant also admitted to all the allegations in the Second Supplemental Declaration, with the only remaining allegation being that contained in the Third

---

[3] The November 23rd hearing was continued to November 29, 2021, because of the court's scheduling needs.

Supplemental Declaration regarding the commission of new criminal offenses. The court then continued the matter to January 6, 2022.

On January 6, 2022, the parties appeared before the court, *see* Minutes, ECF No. 76, and Ms. Kottke reported that there was no progress on getting the Defendant transferred to federal custody or resolving the local case with the federal violation proceedings. The probation officer noted that the Defendant's local case was scheduled on January 21, 2022, and without objections, the court continued this matter to January 25, 2022.

On January 25, 2022, the parties appeared before the court, *see* Minutes, ECF No. 77, and Ms. Kottke said there was not more information she could provide the court. She stated that the Defendant has not seen his lawyer since September 2021, and the lawyer was not even present at the last hearing before the Superior Court. The probation officer stated that the Defendant's next hearing before in the Superior Court is set for March 11, 2022. Without objection, the matter was continued to February 22, 2022.

On February 22, 2022, the Defendant appeared before the court. *See* Minutes, ECF No. 78. The probation officer reported there was no change in the Defendant's status. Ms. Kottke apprised the court of her efforts to get the Defendant transferred in to federal custody. Without objection, the matter was continued to March 17, 2022.

On March 17, 2022, the parties appeared before the court, *see* Minutes, ECF No. 79, and Ms. Kottke reported that she spoke with the local defense counsel who stated that a plea offer had been made but rejected. She further stated that a new defense attorney would be assigned to the Defendant and the next hearing was scheduled in April. Ms. Kottke noted that the Defendant has been in custody for eight months and that she was still working to get the Defendant transferred to federal custody. The probation officer reported that the Defendant has a further proceeding in a 2010 case on scheduled for March 25, 2022, before Superior Court of Guam and another hearing in the 2021 felony case set for April 1, 2022. The probation officer stated that the Defendant is being detained in both cases pending the posting of a $5,000 cash bail. Without objection, the matter was continued to May 5, 2022.

On May 5, 2022, the parties appeared before the court, *see* Minutes, ECF No. 80, and

Ms. Kottke reported that the Defendant was offered a "suspended plea agreement" with a sentence of time served, but Ms. Kottke stated she would like to discuss the matter further with his local counsel so that changes could be made consistent with the primary custodian doctrine, and the Defendant could be transferred to federal custody. Without objection, the matter was continued to May 26, 2022.

At the hearing held on May 26, 2022, Ms. Kottke apprised the court that a plea agreement was offered in the Defendant's local case, and under the terms of the offer, if the Defendant pleaded guilty to Family Violence as a third degree felony and aggravated assault, the government would agree to a three-year suspended sentence with time served. *See* Minutes, ECF No. 81. She further stated that if the Defendant accepted the plea offer, the United States would move to dismiss the remaining Grade A violation here, and the parties would then proceed to present arguments on an appropriate disposition. She explained that she is hoping to get the local matter resolved because the Defendant's father recently passed away, and the Defendant would like to attend the funeral and support his mother. The probation officer stated that in addition to the Superior Court of Guam case that forms the basis for the pending Grade A violation, the Defendant is also being detained locally on another older case. Without objection, the matter was continued to June 8, 2022.

On June 8, 2022, the parties again appeared before the court. *See* Minutes, ECF No. 82. Ms. Kottke informed the court that the Defendant entered a guilty plea in local court last week and has been sentenced. She stated that he is no longer in custody for the 2021 case, but he is still in custody for a 2010 case. Ms. Kottke claimed the local prosecutor has agreed to his release and possible dismissal of the 2010 case because of its age. Ms. Kottke also stated that the United States has agreed that the Defendant be released today in this case and receive a sentence of time served for the Grade C violations to which he has already admitted. Ms. San Nicolas stated that she would move to dismiss the Grade A violation and would recommend a sentence of five months' imprisonment for the Grade C violations, with credit for time served locally. The probation officer recommended a sentence of time served (approximately 9 months and 25 days), followed by a supervised release term. Ms. Kottke asked that the federal sentence run concurrent to the local sentence already imposed. Ms. Kottke stated that the Defendant is aware of the need to go to

counseling and drug testing and that he is willing to take that step now that his family situation is much different, with his mother turning 80 years old and his father's funeral set for June 18, 2022. The court ordered the Defendant released and continued the matter to August 9, 2022, for arguments on disposition.

### J.    Filing of Fourth Supplemental Declaration and Further Admission

On June 27, 2022, the probation officer filed a Fourth Supplemental Declaration. *See* ECF No. 83. According to the declaration, on June 16, 2022, the Defendant reported to the probation office and was informed that he would be subjected to a drug test. The Defendant admitted he relapsed and used "meth" on June 16, 2022. He signed a written admission form attesting to his drug use. The probation officer referred the Defendant for substance abuse treatment and testing.

On August 9, 2022, the parties appeared before the court, and the Defendant entered an admission to the violation alleged in the Fourth Supplemental Declaration. *See* Am. Minutes, ECF No. 85. Counsel then presented their joint recommendation on an appropriate sanction for the violations. Having reviewed the record herein and considered the parties' joint recommended sanction, the court now issues this Report and Recommendation.

### LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Pursuant to Section 3583(g), revocation is mandatory if the defendant refuses to comply with required drug testing. *See* 18 U.S.C. § 3583(g)(3).

### PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

The above violations to which the Defendant has admitted constitute Grade C violations, with a guidelines range of 5-11 months' imprisonment, based on a CHC of III, followed by a term of supervised release of 49-55 months. *See* Fourth Am. Violation Worksheet, ECF No. 83-1. This is the Defendant's first revocation proceeding. His original offense of conviction is a Class C felony,

so he faces a maximum of two years imprisonment if his supervised release term is revoked.

For the Grade C violations, the probation officer recommended a sentence of time served. Counsel for the United States reiterated that the because the Defendant already pled guilty in the Superior Court of Guam in CF 402-21, the United States would move to dismiss the Grade A violation and proceed with the Grade C violations only. Ms. Kottke noted that the Defendant only slipped up once since his release from custody, but he is treatment now and knows not to make that same mistake. She also stated that the Defendant is hoping to obtain employment with a landscaping company. Ms. Kottke concurred with the recommendation for a time served sentence.

Because this is the Defendant's first revocation proceeding, the court believes he warrants some leniency. The court adopts the parties' recommended sentence, which is reasonable, provides just punishment and affords adequate deterrence. The court is hopeful that the Defendant learned his lesson and will remain compliant with his conditions so that he can be a source of support for his mother.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to the Grade C violations, (2) grant the United States' motion to dismiss the Grade A violation, (3) revoke the Defendant's supervised release term, and (4) impose a sentence of time served (approximately 9 months and 22 days), with credit for any confinement time served that was not applied to his Superior Court of Guam sentence, followed by 50 months of supervised release.

A disposition hearing shall be held on Tuesday, September 13, 2022, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
 U.S. Magistrate Judge
Dated: Aug 23, 2022

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**